390 So.2d 494 (1980)
STATE of Louisiana
v.
Kenneth MANNING.
No. 67355.
Supreme Court of Louisiana.
October 6, 1980.
Rehearing Denied November 21, 1980.
Dissenting Opinion December 15, 1980.
*495 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Leonora Estes, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-relator.
Gracella Simmons, Baton Rouge, for defendant-respondent.
WATSON, Justice.
Defendant, Kenneth Manning, was charged by bill of information with criminal neglect of family, in violation of LSA-R.S. 14:74, because of the alleged nonsupport of a minor son with the same name. The defense sought to establish that Kenneth Manning is not the biological father of the child. The trial court decided to allow evidence on the issue. On application of the State, a writ was granted to review this ruling.
At a hearing in East Baton Rouge Family Court, Kathleen Manning testified that she and the defendant were married on July 20, 1967, while defendant was incarcerated at Angola State Penitentiary. Kenneth Manning was still in prison when the child was born on December 31, 1967, five months after the marriage.[1] According to Kathleen's testimony, the birth was premature, not expected until the middle of February. She identified Kenneth Manning as the father but said he had never furnished any support for the child other than a bicycle. Kathleen Manning is disabled by "Lupus" (Tr. 8) and cannot work.
*496 LSA-R.S. 14:74 provides in pertinent part that:
"Criminal neglect of family is ... intentional nonsupport: ... (3) by either parent of his minor child who is in destitute or necessitous circumstances when such parent has the financial means to provide support, there being a duty established by this Section for either parent to support his child. The parents shall have this duty without regard to reasons and irrespective of the causes of his living separate from the other parent. The duty established by this Section shall apply retrospectively to all children born prior to the effective date of this Section."
The statute provides criminal sanctions for a parent's failure to support his or her child. Parenthood is an essential element of the crime, which must be established by the State beyond a reasonable doubt. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The statute does not define "parent". Hence, "... reference must be made to the substantive law in order to ascertain the existence of the duty. In cases of legitimate children, proof of the birth during marriage establishes, of course, the obligation to support." State v. Sims, 220 La. 532, 57 So.2d 177 at 179 (1952).
Under the Civil Code articles in effect at the time of the child's birth,[2] the husband of the mother is presumed to be the father of all children conceived during the marriage. LSA-C.C. art. 184. Absent a timely disavowal, Kenneth Manning is the legal father of the child. State v. Randall, 219 La. 578, 53 So.2d 689 (1951).
Defendant argues that the codal articles are being used as a criminal presumption against him, unconstitutionally relieving the State of its burden of proving an essential element of the crime. However, that argument hinges upon the erroneous assumption that the word "parent" in LSA-R.S. 14:74 limits criminal responsibility to the biological parent. The criminal support statute is intended to enforce an obligation against the legal and biological parents. In both instances there is no criminal responsibility until a civil obligation is imposed. State v. Hubbard, 228 La. 155, 81 So.2d 844 (1955). Paternity is an essential element of the crime, but it can be either legal or biological. Ideally, the two are identical. However, in the case of adoption and under certain other circumstances, one can be a legal parent without biological affinity. Warren v. Richard, 296 So.2d 813 (La., 1974); Succession of Mitchell, 323 So.2d 451 (La., 1975). See the discussion at 37 La.L.Rev. 57. Here, legal parenthood would be established via proof that the defendant was married to the mother at the time of the birth and that he has failed to timely disavow the child. Evidence that Kenneth Manning is not the biological father of the child is inadmissible. The wife does not have the oppressive burden of proving that her husband was the actual father of her child. State v. Randall, supra.
In a case involving the constitutionality of a similar presumption,[3] a California Court of Appeals found that:
"The so-called conclusive presumption is really not a presumption but rather a rule of substantive law ... adopted by the Legislature to preserve the integrity of the family and to avoid the social stigma associated with illegitimacy." People v. Thompson, 89 Cal.App.3d 425, 152 Cal. Rptr. 478, 482 (1979), quoting from People v. Russell, 22 Cal.App.3d 330, 335, 99 Cal. Rptr. 277, 280 (1971)."
*497 In this prosecution against the legal father for willful failure to support a minor son,[4] the court found that the issue of biological paternity was irrelevant.
The Louisiana Legislature has the power to determine that, as a matter of overriding social policy, both husband and wife will be legally responsible for the support of children born during the marriage. The lower court erred in ruling that evidence of the defendant's biological non-paternity could be introduced as a defense in a criminal neglect prosecution based on legal parentage. The ruling is reversed and the case is remanded for further proceedings not inconsistent with this holding.
REVERSED AND REMANDED.
DENNIS, J., dissents with reasons.
LEMMON, J., dissents and will assign reasons.
DENNIS, Justice, dissenting.
I would uphold the trial court's ruling which allowed the defense to introduce evidence to show that the defendant was not the biological father of the child. Defendant was incarcerated at the Louisiana State Penitentiary at Angola during the time required for bringing an action to disavow paternity. Under these circumstances, it is fundamentally unfair to use civil law presumptions of paternity to resolve defendant's criminal liability for failure to support the minor child. Moreover, I question whether these presumptions should ever be used to establish paternity in criminal neglect prosecutions.
NOTES
[1] In brief, the State maintains that conception occurred in the visiting room at Angola while Ms. Manning was sitting on the defendant's lap and that defendant wrote a letter to the warden of Angola requesting special permission to marry because of Kathleen's pregnancy. The hearing was stayed, pending writs to this court, and the transcript contains no evidence of these allegations.
[2] The amendments to the articles governing presumptions of paternity in Louisiana were by Acts No. 430 of 1976. Since these amendments affect substantive rights and contain no language indicating an intent to make them retroactive, all cases involving operative facts transpiring before the effective date of Act 430 are to be decided solely on the basis of law and jurisprudence then in effect. Pounds v. Schori, 377 So.2d 1195 (La., 1979).
[3] See California Evidence Code § 621: "Notwithstanding any other provision of law, the issue of a wife cohabiting with her husband, who is not impotent or sterile, is conclusively presumed to be a child of marriage."
[4] California Penal Code § 270 defines the offense of criminal neglect of children. Section 270e specifically provides that proof of parenthood in criminal neglect cases is to be made in the same way as in any civil case. Louisiana law does not have a similar provision.