408 So.2d 1312 (1982)
STATE of Louisiana
v.
Albert C. KIPER.
No. 81-K-1803.
Supreme Court of Louisiana.
January 25, 1982.
*1313 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Dolores V. Mason Smith, Asst. Dist. Attys., for plaintiff-relator.
Mitchell J. Hoffman and Ann Wise of McCloskey, Dennery, Page & Hennesy, New Orleans, for defendant-respondent.
MARCUS, Justice.
Albert C. Kiper was charged by bill of information in the Juvenile Court for the Parish of Orleans with criminal neglect of family, in violation of La.R.S. 14:74, because of the alleged nonsupport of his three minor children.
On July 3, 1980, defendant appeared in court in proper person and after waiving his right to counsel pled not guilty to the charge. He consented to proceed immediately to trial. At trial, it was established that defendant and Patricia Ann McQuire (Tracy) were married on November 27, 1971. Joseph Charles Kiper was born of the marriage on June 14, 1972. Defendant testified that he and his wife separated sometime thereafter, and during the time they were separated, Tracy was pregnant with her second child, Troy O'Neil Kiper, who was born on October 6, 1973. The marriage ended in divorce on March 25, 1974. On October 21, 1974 (some 220 days after the divorce), Tracy delivered her third child, Eileen Dionne Kiper. At the time of trial, the three children resided with their maternal grandmother, Lillian Valentine McQuire, who was receiving welfare assistance for the support of the three children. Defendant inquired of the court as to whether he was being held to support all three children. The trial judge replied in the affirmative noting that all three children were "legally presumed" to be his.
After trial, defendant was found guilty as charged. Instead of imposing sentence under La.R.S. 14:74, the trial court issued an order pursuant to La.R.S. 14:75[1] directing defendant to contribute $25.00 a week for the support of his three children, plus costs.
On July 2, 1981 (about one year after rendition of the support order), defendant appeared in court in response to an order directing him to appear in connection with the "charge of non-support (criminal neglect)."[2] At the commencement of the hearing before the same judge who rendered the previous order of support, defense *1314 counsel moved to suspend payments as to two of the children, Troy and Eileen, because of two pending suits to disavow paternity in the Civil District Court for the Parish of Orleans. The trial judge, over the state's objection, granted the motion to suspend payments "insofar as the two children are concerned pending the outcome of the two cases." Defendant was ordered to pay $8.33, plus costs, for support of the other child, Joseph Kiper. On application of the state, we granted certiorari to review the correctness of that ruling.[3]
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. La.Civ.Code art. 227. The pertinent articles of the civil code in effect at the time of the births of the children in question regarding the presumption of paternity are as follows:[4]
Art. 184. Presumed paternity of husband
The law considers the husband of the mother as the father of all children conceived during the marriage.
Art. 186. Presumption of paternity, minimum period after date of marriage
The child capable of living, which is born before the one hundred and eightieth day after the marriage, is not presumed to be the child of the husband; every child born alive more than six months after conception, is presumed to be capable of living.
Art. 187. Presumption of paternity, maximum after dissolution of marriage or separation
The same rule applies with respect to the child born three hundred days after the dissolution of the marriage, or after the sentence of separation from bed and board.
Art. 188. Presumption of paternity, cohabitation after separation
The legitimacy of the child born three hundred days after the separation from bed and board has been decreed, may be contested, unless it be proved that there had been cohabitation between the husband and wife since such decree, because it is always presumed that the parties have obeyed the sentence of separation.
But in case of voluntary separation, cohabitation is always presumed, unless the contrary be proved.
The criminal statute under which defendant was convicted, La.R.S. 14:74, provides in pertinent part:
Criminal neglect of family is ... intentional nonsupport: ... (3) by either parent of his minor child who is in destitute or necessitous circumstances when such parent has the financial means to provide support, there being a duty established by this Section for either parent to support his child. The parents shall have this duty without regard to reasons and irrespective of the causes of his living separate from the other parent. The duty established by this Section shall apply retrospectively to all children born prior to the effective date of this Section.
In cases of legitimate children, proof of the birth during the marriage establishes the obligation of support. State v. Sims, 220 La. 532, 57 So.2d 177 (1952). The criminal support statute is intended to enforce this obligation against the legal and biological parent. State v. Manning, 390 So.2d 494 (La.1980).[5] The presumption of paternity *1315 extends to all children conceived during marriage as well as to children born within 300 days after dissolution of the marriage. This includes the period pending any action for disavowal. As long as the husband of the mother is presumed to be the father of children conceived during marriage and born within 300 days after dissolution of the marriage, he is civilly obligated to support the children. He is also subject to criminal prosecution under La.R.S. 14:74 for the nonsupport of the minor children of whom he is presumed to be the father.
In the instant case, defendant was the husband of the mother of Troy Kiper, born during their marriage, and Eileen Kiper, born within 300 days after dissolution of their marriage; therefore, he is presumed to be the father of these children and is obligated to support them and is criminally responsible for their nonsupport even pending his actions to disavow paternity. The trial judge erred in holding otherwise. We recognize that once an order for support is issued pursuant to La.R.S. 14:75, the trial court may increase or decrease the sum ordered from time to time as the circumstances may require; however, we do not consider that the discretion accorded to the trial court by this statute permits him to suspend support payments merely on the circumstance of a pending action for disavowal.
In sum, we conclude that the trial judge erred in suspending support payments to Troy and Eileen Kiper pending defendant's actions to disavow paternity. We must reverse.

DECREE
It is ordered that the ruling of the trial judge suspending support payments to Troy O'Neil Kiper and Eileen Dionne Kiper is reversed and set aside. The case is remanded to the trial court for further proceedings not inconsistent with the views herein expressed.
DENNIS, J., concurs with reasons.
CALOGERO, J., concurs for reasons assigned by DENNIS, J.
WATSON, J., dissents.
LEMMON, J., dissents and will assign reasons.
DENNIS, Justice, concurring.
I respectfully concur.
We need not resort to our civil law presumptions of paternity to resolve the present issue. Moreover, I question whether these presumptions should ever be used to establish paternity in criminal neglect prosecutions. State v. Manning, 390 So.2d 494 (1980) (Dissenting Opinion).
Defendant was found guilty of criminal neglect of family, R.S.La. 14:74, and ordered to contribute $25.00 a week for the support of his three children, pursuant to R.S.La. 14:75. The trial court may increase or decrease the sum ordered from time to time as the circumstances may require. However, the fact that defendant has filed suit to disavow paternity does not constitute a sufficient basis upon which to suspend support payments. Such a result would afford those found guilty of criminal neglect with an easy escape from responsibility for substantial portions of support.
NOTES
[1] La.R.S. 14:75 was amended by La.Acts 1981, No. 812, § 4.
[2] The record indicates that defendant was in arrears in the sum of $550 in support payments and $27.50 in costs.
[3] 404 So.2d 282 (La.1981).
[4] The articles governing the presumption of paternity were amended by La.Acts 1976, No. 430, § 1. This court has held that the 1976 amendments affect substantive rights and contain no language which expressly indicates an intent to make them retroactive; therefore, births before the effective date of the amendments are governed by the law then in effect. State v. Manning, 390 So.2d 494 (La.1980); Pounds v. Schori, 377 So.2d 1195 (La.1979).
[5] In Manning, defendant was charged with criminal neglect of family in violation of La. R.S. 14:74 because of the alleged nonsupport of a minor son born to his wife five months after their marriage but while he was incarcerated in prison. At trial, defendant sought to establish that he was not the biological father of the child. The trial judge decided to allow evidence on the issue. We granted the state's application and reversed the ruling of the trial judge finding that since defendant was presumed to be the father of the child, absent a timely disavowal, he was the legal father of the child. Therefore, evidence that he was not the biological father of the child was inadmissible.