481 So.2d 598 (1986)
STATE of Louisiana
v.
Cornell JONES.
No. 85-KK-1135.
Supreme Court of Louisiana.
January 13, 1986.
Rehearing Denied March 27, 1986.
*599 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Mike McMahon, Theresa C. Legon, Asst. Dist. Attys., for respondent.
Mark McTernan, New Orleans, for defendant-applicant.
LEMMON, Justice.
The issue before the court is whether the use of La.C.C.Art. 184's presumption of paternity in a prosecution for criminal neglect of family under La.R.S. 14:74(2) unconstitutionally relieves the state of its burden of proving an essential element of the crime. We conclude that the civil presumption that the husband of the mother is the father of any child born or conceived during the marriage may not constitutionally be used in a criminal prosecution to prove that the accused is a "parent" within the operation of La.R.S. 14:74(2).
Defendant and his wife were married in 1970 and separated in May, 1972. While they were living separate and apart, defendant's *600 wife conceived a child by another man and gave birth in October, 1973. Defendant never filed a proceeding to disavow paternity of the child. Defendant and his wife were divorced in May, 1976.
Apparently because defendant's wife applied for benefits under the Aid to Families with Dependent Children program, defendant was charged with criminal neglect of family. He moved to quash the bill of information on the ground that the state could not constitutionally use the presumption of paternity to convict him of the charged offense. The motion to quash asserted that the child's mother had admitted in open court that defendant was not the father of the child and that the state knew the identity of the biological father. The state's answer to the motion alleged that defendant was responsible for support because he was the "legal father" in that he was presumed to be the father of all children conceived during the marriage. The juvenile court denied the motion, as well as a motion to require blood tests. The court of appeal refused to review the ruling, finding no error in the application of La.C.C. Art. 184 to La.R.S. 14:74. We granted certiorari. 474 So.2d 952.
R.S. 14:74(2) provides in part:
"Criminal neglect of family is the ... intentional nonsupport: ... (2) by either parent of his minor child who is in destitute or necessitous circumstances ...." (emphasis added)
The prosecutor, while admitting that parenthood is an essential element of the charged crime, contends that the legislative use of the term "parent" in the statute contemplates either a biological parent or a legal parent, meaning one who is presumed to be the parent under La.C.C.Art. 184.[1] The prosecutor therefore argues that it is only necessary to prove that defendant was the husband of the mother at the pertinent time.
The criminal statute simply uses the unqualified term "parent". That term is not defined either by La.R.S. 14:74 or by La.R.S. 14:2, which provides definitions generally applicable to the Code. The term should therefore be given a "genuine construction" according to the fair import of the word in its usual sense and to the context and purpose of the overall provision. La.R.S. 14:3. The dictionary definition of parent is "one that begets or brings forth offspring". Webster's Third New International Dictionary (1971). A genuine construction of the term "parent" leads to the conclusion that the Legislature intended to use criminal sanctions to require child support by the persons who begot or brought forth the child.
Moreover, criminal statutes must be construed narrowly. La.R.S. 14:3 prohibits the extension or broad interpretation of a criminal statute so as to create crimes by analogy. Here, the prosecutor is attempting to broaden the criminal statute by characterizing the legal husband of the child's mother as a legal parent for all purposes. In the civil law the mother's husband's biological parenthood is presumed as a matter of law for the purposes of protecting the child from the stigma of illegitimacy and of preserving the reputation of the mother and the stable lines of succession. See Spaht and Shaw, the Strongest Presumption Challenged: Speculations on Warren v. Richard and Succession of Mitchell, 37 La.L.Rev. 59 (1976). While the pertinent presumption may validly serve these purposes in the civil law, a presumption may not be used in a criminal prosecution to relieve the state of its burden of proving every essential element of the crime beyond a reasonable doubt.[2] The Due Process Clause of the Fourteenth Amendment of the United States Constitution "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute *601 the crime with which he is charged". In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). See also La. Const. Art. I § 16 (1974). Because the fact of parenthood is one which is necessary to constitute the charged crime, the state must prove this fact beyond a reasonable doubt.
An irrebuttable or conclusive presumption is one which relieves the state of its burden of persuasion by entirely removing the presumed element from the case upon the state's proof of the predicate facts. Francis v. Franklin, ___ U.S. ___, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). La. C.C.Art. 184, when used to prove the fact of parenthood in a prosecution under La. R.S. 14:74(2), is a conclusive presumption (at least after the passage of the time for filing a disavowal action).[3] For a conclusive presumption to be valid, proof of the presumed fact must flow beyond a reasonable doubt from the proved fact. See Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). The fact of parenthood does not flow beyond a reasonable doubt from proof that the accused was the husband of the mother at the time of the child's conception or birth. (Indeed, the proof appears to be to the contrary in the present case.)
The fact of an undissolved marriage is, of course, a relevant consideration on the issue of parenthood, and evidence of this fact may be admitted to raise an inference of the elemental fact. The inference, however, may be rebutted by other surrounding circumstances, and the trier of fact is free to accept or reject the inference in weighing the overall evidence. The constitutional evil arises when the fact of an undissolved marriage is given the effect of a conclusive presumption and is used to relieve the state of its burden of proving the elemental fact of parenthood upon proof only of the predicate fact of the undissolved marriage, whereupon the finder of fact has no choice but to find the elemental fact upon proof of the basic fact. Such a presumption clearly violates the federal and state constitutional guarantees of due process.
Accordingly, we conclude that the term "parent" in La.R.S. 14:74(2) encompasses only the persons who begot or brought forth the child and cannot constitutionally be expanded by interpretation to include a person who is merely presumed in the civil law to be the biological parent.[4] This court's contrary expansion of the term in State v. Manning, 390 So.2d 494 (La.1980), and State v. Kiper, 408 So.2d 1312 (La. 1982) was incorrect, and those cases are hereby overruled.
For these reasons, the judgment of the trial court is overruled, and the bill of information is quashed to the extent of prohibiting the state's use of the presumption contained in La.C.C.Art. 184. The case is remanded for further proceedings.
BLANCHE, J., dissents and assigns reasons.
WATSON, J., dissents for the reasons assigned by BLANCHE, J., and observes additionally that this opinion in overruling two recent decisions of this Court puts an impossible burden on non-support prosecutions; needy children will go hungry as result of this piece of work.
*602 BLANCHE, Justice (dissenting).
R.S. 14:74(2) was enacted as a means of encouraging those having a legal obligation of support to fulfill that obligation. Accordingly, the definition of parent should be construed in such a way as to achieve this goal. Although Jones may not be the biological father of the child involved here, he is the "legal father" given the lapse of time to file the disavowal action. The presumption of paternity is converted into a legal relationship of parent and child once the period for filing the disavowal action has lapsed. The position taken by this Court in State v. Kiper, 408 So.2d 1312 (La.1982), and State v. Manning, 390 So.2d 494 (La.1980) correctly disposed of the argument raised by the plaintiff.
I respectfully dissent.
NOTES
[1] La.C.C.Art. 184 provides:

"The husband of the mother is presumed to be the father of all children born or conceived during the marriage."
[2] Even in the civil law, the Legislature has arguably weakened the "strongest presumption" by relaxing the rules on the use of rebutting evidence. See La.C.C.Art. 187 and La.R.S. 9:397.3.
[3] Even during the period in which the husband may seek disavowal, the presumption is a mandatory rebuttable one which relieves the state of the affirmative burden of persuasion on the presumed element unless the defendant persuades the jury not to make such a finding. A mandatory rebuttable presumption is less onerous on the defendant, but may be no less unconstitutional. Francis v. Franklin, above; State v. McCoy, 395 So.2d 319 (La.1980). However, since the time for filing a disavowal action had elapsed in this case, it is not necessary to decide whether La.R.S. 14:74 presents a situation in which due process is offended by a mandatory rebuttable presumption.
[4] Whether to punish as criminal a person's failure to support a child, when the person is the husband of the mother but not the biological father of the child, is a decision which must be made by the Legislature and not by the courts. The Legislature has not expressly done so in the current version of the statute.