CIACCIO, Judge.
On March 29, 1982, the Orleans Parish Juvenile Court found defendant guilty of criminal neglect of family. La.R.S. 14:75. The judge ordered defendant to pay thirty dollars a week child support for four minor children. Defendant has not voluntarily paid any amount in child support.
On August 21, 1985, the state filed a rule for contempt against defendant for his failure to pay, alleging arrearages of $5,385.83. On November 18, 1985, the juvenile court suspended the order for payment pending further proceedings. On December 4, 1985, the court granted defendant a new trial.
Relying on State v. Jones, 481 So.2d 598 (La.1986), on July 16, 1986, the juvenile court ruled that defendant was not responsible for any arrearages because he is not the biological father of the children. Upon application of the state we granted certio-rari to review that ruling. We now affirm.
Juvenile law is a hybrid of criminal and civil law. Non-support of a minor child is an act with both criminal and civil repercussions. The interrelationship between the criminal and the civil provisions applying to the non-support laws determines the procedural and substantive rights of the parties. See State v. Smith, 492 So.2d 1272 (La.App. 4th Cir., 1986) and State v. Broussard, 487 So.2d 1261 (La.App. 3d Cir.1986).
In this case we are reviewing proceedings in a criminal prosecution under La.R.S. 14:74 wherein defendant was convicted. Thus, the applicable procedural and substantive law is the criminal law, instead of the civil law applied to the review of consent judgments obtained under La.R.S. 14:75 as discussed in State v. Smith, supra, and State v. Broussard, supra. La.C.J.P. Art. 24.
At trial and in his motion for a new trial following his conviction, defendant raised the issue that he is not the biological father of the children. In finding him guilty and denying his motion for a new trial, the court found that the lack of a biological connection between defendant and the children was not a defense. The state proved that defendant was the husband of the mother at the time of each child’s birth. See State v. Kiper, 408 So.2d 1312 (La.1982), and State v. Manning, 390 So.2d 494 *425 (La.1980). Defendant did not pursue judicial review of his conviction.
In response to the state’s 1985 rule for contempt defendant filed a second motion for a new trial, again on the ground that he is not the biological father of the children. This record is replete with procedural irregularities, and a good argument can be made that a motion for a new trial was not the proper procedural device for defendant to use to attack his conviction. Striving to make a just determination in this case paramount to technicalities of procedure, we consider defendant’s second motion for a new trial as an application for post conviction relief. See La.C.Cr.P. Art. 2 and the Official Revision Comment thereunder.
Among the limited grounds for which post conviction relief shall be granted is if “the conviction was obtained in violation of the constitution of the United States or the State of Louisiana.” La.C.Cr.P. Art. 930.-3(1). The burden of proving that relief should be granted is on the petitioner. La. C.Cr.P. Art. 930.2. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief. La.C. Cr.P. Art. 930.4 C.
In State v. Cornell Jones, 481 So.2d 598 (La.1986), the Louisiana Supreme Court held that use of the conclusive presumption that the husband of the mother is the father of the child, La.C.C. Art. 184, to prove the essential element of “parenthood” in a prosecution under La.R.S. 14:74 “clearly violates the federal and state constitutional guarantees of due process.” The court concluded that “the term ‘parent’ in La. R.S. 14:74(2) encompasses only the persons who begot or brought forth the child.” The court then expressly overruled State v. Manning, supra, and State v. Kiper, supra.
Defendant is not the biological father of the children he was found guilty of not supporting. The mother of the children so testified, and had informed the state of such from the inception of these proceedings, even supplying the name and address of the biological father. Under the holding of State v. Jones, supra, defendant’s conviction, resting upon the conclusive presumption that as the husband of the mother at the time of each child’s birth he was each child’s father, violated his federal and state constitutional guarantees of due process.
Although defendant could have sought judicial review of his conviction and could have raised this issue, La.C.Cr.P. Art. 930.4 C does not require that the court now deny post conviction relief. The article provides that the court may deny relief if the failure is inexcusable. Under the circumstances here presented we do not consider it appropriate to deny relief on the procedural grounds of a “repetitive application” as provided in La.C.Cr.P. Art. 930.4. Further, the record contains evidence which tends to excuse defendant’s failure to seek review.
The juvenile court granted defendant a new trial. Following a “note of evidence” taken by the state wherein the mother testified that defendant is not the biological father of the children and then she identified the biological father, the court ordered that defendant was relieved of any obligation as to the arrears owed in this case. This relief was appropriate.
For the reasons assigned, we affirm the ruling of the juvenile court.
AFFIRMED.