KLEES, Judge.
The juvenile court dismissed the charge against the defendant because it lacked jurisdiction to decide the issue of paternity. We agree that the juvenile court lacks jurisdiction, but we find the dismissal to be improper.
In State v. Hubbard, 81 So.2d 844 (La.1955), decided under the 1921 Constitution, the Supreme Court held that the Orleans Parish Juvenile Court had no jurisdiction to determine the paternity of a child when said paternity was challenged during a prosecution of the child’s alleged parent for criminal neglect of family. The Court found that because Article 7, Section 96 of the 1921 Constitution, which enumerated the specific areas of jurisdiction vested in the juvenile court, did not mention paternity suits, such matters were exclusively within the jurisdiction of the civil district courts.
In contrast to the 1921 Constitution, the 1974 Constitution provides only that “... juvenile and family courts shall have jurisdiction as provided by law.” La. Const. Article V, Section 18 (1974). Paternity actions are not listed in articles 15 through 17 of the Code of Juvenile Procedure, which delineate the jurisdiction of the juvenile courts; neither are they mentioned in Article V, Section 16 of the 1974 Constitution, which lists matters over which the district courts have exclusive jurisdiction. As the wording of the present constitution does not evidence any intent to change the existing law, we find that State v. Hubbard is still controlling. The juvenile court has no jurisdiction to decide the paternity issue.
Nevertheless, dismissal of the charge against the defendant was premature; the case should have been continued until the State has had an opportunity to establish paternity in civil district court. See State v. Jones, 481 So.2d 598 (La.1986).
Accordingly, the dismissal of the suit by the Orleans Parish Juvenile Court is vacated, and the matter is remanded to that court with orders to stay proceedings there until such time as the paternity issue is resolved in civil district court.
GRANTED IN PART AND REMANDED.