DENNIS, Justice.
This court granted certiorari to decide whether a court’s juvenile jurisdiction includes the jurisdiction to determine whether a person accused of criminal non-support of a child is the parent of that child.
Defendant, Edward Joseph Anderson, was charged with criminal neglect of a minor child, La.R.S. 14:74, in the Juvenile Court for the Parish of Orleans. The charge was dismissed, on Anderson’s motion, by the juvenile court, which ruled that it lacked jurisdiction to decide whether Anderson was the parent of the child. On writs granted, the court of appeal, 501 So.2d 828, affirmed the declaration of lack of jurisdiction but postponed dismissal of the charge to give the state an opportunity to litigate the parentage issue in civil district court.
We reverse, hold that the juvenile court has jurisdiction over the entire prosecution of a criminal non-support of a child charge — including the issue of the child’s parentage, and remand the case to the juvenile court for further proceedings. A court exercising juvenile jurisdiction has jurisdiction as provided by law. La. Const. 1974, Art. 5, § 18. The legislature has provided by law that a court exercising juvenile jurisdiction shall have exclusive original jurisdiction in proceedings against adults for the criminal desertion, non-support or neglect of a child by either parent. La.C.J.P. art. 16(A)(3). A prosecution under La.R.S. 14:74, for the intentional desertion or non-support by either parent of his minor child who is in destitute or necessitous circumstances, constitutes a proceeding against an adult for the criminal desertion, non-support or neglect of a child and therefore falls within a court’s juvenile jurisdiction.
The court of appeal was apparently misled by the decision of this court in State v. Hubbard, 228 La. 155, 81 So.2d 844 (1955). In that case a majority of this court, despite three well reasoned dissenting opinions, held that the Juvenile Court for the Parish of Orleans was without power or authority to entertain a criminal proceeding, brought by the state under La.R.S. 14:74, against the defendant on a charge of non-support of his illegitimate minor child. The majority’s decision was based upon its conclusions that the determination of the paternity of a child is exclusively a civil function and that the constitutional authorization of the juvenile court to hear “cases of ... non-support of children by either *214 parent” did not grant that court jurisdiction to entertain non-support cases involving illegitimate children. See La. Const. 1921, Art. 7, § 96.
In our opinion, the Hubbard majority fell into error when it declared that a child’s parentage is inherently a civil issue which cannot be decided by a juvenile court. The majority’s opinion gave no reason for this declaration, and we believe that it has no basis in law or fact. The issue of parentage is a question of fact which any trier of fact should be able to determine. Therefore, a child’s parentage can be made an essential element of a crime determinable by a court exercising juvenile jurisdiction. To the extent that the Hubbard rationale is inconsistent with this view it is expressly disapproved.
The Hubbard majority’s interpretation of the 1921 Louisiana Constitution as excluding from the juvenile court’s jurisdiction non-support cases involving illegitimate children is irrelevant to the present litigation. The 1974 Louisiana Constitution, under which this case arises, does not limit the juvenile jurisdiction of a court to particular kinds of cases, but instead vests juvenile jurisdiction in courts “as provided by law.” La. Const.1974, Art. 5, § 18.
The legislature has provided by law that the offense of criminal neglect of a child shall be within the juvenile jurisdiction of a court regardless of whether the child is legitimate or illegitimate. The Criminal Code, La.R.S. 14:74, defines criminal neglect of family as the desertion or non-support by “either parent” of his minor child who is in destitute or necessitous circumstances when such parent has the means or ability to provide support, “there being a duty established by this Section for either parent to support his child.” Further, that section provides that “[e]ach parent shall have this duty without regard to reasons and irrespective of the causes of his living separate from the other parent.” The Code of Juvenile Procedure, art. 16(A)(3), provides that “[c]ases of desertion, nonsupport, or criminal neglect of a child by either parent ...” (emphasis added) shall fall within the court’s juvenile jurisdiction over adults. That this article applies to cases involving illegitimate children is made clear by La.C.J.P. article 13, which defines “parent” as including a parent even when the child’s parents are unmarried.
Article 13 restricts the definition of “parent”, in cases in which both parents are not married and living together, to “a parent or person having legal or actual custody of the child”. However, this is a general definition which does not apply “where the context clearly indicated otherwise.” La.CJ.P. art. 13. In our opinion, the context clearly indicates that the juvenile jurisdiction of a court over adults in cases of criminal desertion, non-support and neglect of children extends to either parent regardless of whether he has actual or legal custody. The substantive crime definition makes no distinction between parents with or without custody. A parent who deserts or intentionally fails to support his minor child in necessitous circumstances and has ability to provide support is guilty of the crime even if he lacks legal or actual custody. La.R.S. 14:74. The Criminal Code establishes a duty for “either parent to support his child ... without regard to reasons and irrespective of the causes” of his living separate from the other parent. Id. The Code of Juvenile Procedure provides for juvenile jurisdiction over cases of “desertion, non-support, or criminal neglect by either parent_” La. C.J.P. art. 16(A)(3). By providing for juvenile jurisdiction over cases of “desertion” and cases of neglect or non-support “by either parent” the legislature clearly intended to include prosecutions against parents without actual or legal custody of the destitute child.
This intention is confirmed by the fact that juvenile jurisdiction over adults in cases of criminal desertion, non-support and neglect is exercised primarily according to the procedural rules of the Code of Criminal Procedure in the absence of provisions applicable to such criminal proceedings in the Code of Juvenile Procedure. See La.C.J.P. art. 24. Article 13’s restricted definition of “parent” as a parent with legal or actual custody clearly is not intended to govern criminal non-support prosecutions, but is applicable to the exercise of other types of juvenile jurisdiction governed by the procedures set forth in the *215 Code of Juvenile Procedure itself. This legislative aim is borne out by the fact that La.C.J.P. article 16, in establishing juvenile jurisdiction over the crimes of child desertion, non-support and neglect, refers specifically to offenses “by either parent”, whereas, the other provisions of the code refer generally to “parent” or “parents”. See C.J.P. articles 17, 28, 30, 31, 33, 34, 37, 38, 40, 43, 48, 51, 55, 56, 60, 62, 69, 70, 79, 82, 83, 84, 85, 86, 87, 91, 92, 94, 95, 96, 102, 109, 114, 115, 116, 117, 119, 120.
For the reasons assigned, we conclude that a court exercising juvenile jurisdiction has jurisdiction to decide whether an accused in a child desertion, non-support or neglect case is the parent of the child involved, regardless of whether the child is legitimate or illegitimate, and regardless of whether the accused parent has legal or actual custody of the child. Accordingly, the judgments of the court of appeal and juvenile court are reversed and the case is remanded to the Juvenile Court for the Parish of Orleans for further proceedings.
REVERSED AND REMANDED TO JUVENILE COURT.