618 So.2d 642 (1993)
FIRST CONTINENTAL LEASING CORPORATION, Plaintiff-Appellant,
v.
Enoch A. HOWARD, Defendant-Appellee.
No. 24,703-CA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
*643 James E. Mixon, Columbia, for plaintiff-appellant.
Donald D. McKeithen, Jr., Columbia, for defendant-appellee.
Before SEXTON, NORRIS and STEWART, JJ.
SEXTON, Judge.
First Continental Leasing Corporation appeals the trial court judgment which rejected its claim against Enoch A. Howard for unpaid rent for the lease of an ice cream machine. The trial court judgment further ruled in favor of Mr. Howard on his reconventional demand, finding the lease null and void and ordering First Continental to refund all payments made by Mr. Howard under the lease, and further ordering First Continental to pay costs of court and attorney fees in the amount of $250. The trial court judgment additionally ordered rescission of the sale of the ice cream machine to First Continental by Jerry R. King d/b/a King Distributors, Inc. We reverse.
Sometime prior to July 19, 1988, Richard Mobley, a salesman for King Distributors, approached Mr. Howard regarding the sale of an ice cream machine for use in Mr. Howard's restaurant, Jeano's Catfish & Seafood. In what is described as a financing-type arrangement, First Continental purchased the Glacier Model F-2 ice cream machine, Serial No. 18203, from King Distributors. Howard then leased the machine from First Continental.
The lease agreement was signed by Mrs. Howard on behalf of her husband on July 19, 1988, and by a First Continental representative on July 21, 1988. The lessee is listed as Jeano's Catfish & Seafood, but both Mr. and Mrs. Howard personally guaranteed the lease. Mr. Howard does not dispute the validity of his signature, although Mrs. Howard actually signed his name.
The lease was for a three-year term and provided for monthly rental payments of $125.34 and required the Howards to pay both the first and last months rent upon execution of the lease. Clauses in the lease provided that the lessor provided no warranties, that lessee would reserve all claims regarding the leased merchandise against the supplier and/or manufacturer of the property and not against the lessor. Notwithstanding any such claims by the lessee against the supplier, the lessee agreed to remain liable for rental payments. Further, the lessee agreed to be fully responsible for all necessary repairs to the machine.
The ice cream machine was installed on July 19, 1988, and immediately needed repairs. Mr. Mobley came to the restaurant to make repairs on July 19 and July 20. Jerry King described these initial repairs as normal temperature adjustments. Mr. Mobley continued to periodically service the machine until his employment with King Distributors was terminated. Mr. King thereafter made repairs to the machine. Steve Hall, a local free-lance repairman, also attempted repairs on the machine. Mr. Hall testified that he thought the problem was in the control circuitry, an electronics area beyond his ability to fix. Additionally, Mr. Howard took the machine to Mr. King in Tioga, Louisiana, who then took it to a repair center in Forest Hills, Louisiana, for repairs. Mr. Howard and his employee, Tillman Sweet, also made numerous efforts to repair the machine. Nevertheless, the machine would not produce adequate ice cream for any length of time. The machine would either freeze so no ice cream could be produced or render a soupy ice cream. Mr. King testified that the manufacturer of the ice cream machine provided a two-year warranty on parts and a five-year warranty on the compressor. It does not appear that the manufacturer was ever contacted for repairs.
Mr. Howard made several complaints to First Continental and refused to make any rental payments after October 25, 1989. After several attempts to get Mr. Howard to continue his rental payments, First Continental instituted the instant lawsuit to *644 recover the accelerated rental payments in the amount of $2,461.35, plus costs, attorney fees, and a service charge of five percent as provided in the lease agreement. Mr. Howard reconvened against First Continental and added Mr. King d/b/a King Distributors as a defendant in this incidental action. The reconventional demand sought to have the lease annulled and to have all rental payments and other expenses incurred refunded.
Following a bench trial, the trial court issued reasons for judgment. The trial court noted that it believed Mr. Howard understood the arrangement to constitute a lease-purchase agreement.[1] The trial court found the ice cream machine was totally unfit for its intended purpose. The trial court found that First Continental had attempted to circumvent the implied and express warranty requirements found in the Louisiana Lease of Movables Act, LSA-R.S. 9:3301, et seq. The trial court found the lease should be declared null and void and all payments thereunder refunded and First Continental should be cast with costs and $250 in attorney fees.
The trial court later filed amended reasons for judgment, noting that a cross-pleading was filed against Jerry R. King d/b/a King Distributors. The trial court found that First Continental should have judgment against King.[2]
A judgment was signed dismissing First Continental's claims against Howard on the principal demand. On the reconventional demand, the trial court ruled in favor of Howard, found the lease null and void and ordered that all payments thereunder should be refunded to Howard and that First Continental pay attorney fees to Howard in the amount of $250. Further, judgment was rendered in favor of First Continental against King d/b/a King Distributors, Inc. rescinding the sale from King to First Continental with return of the purchase price and reimbursement for all sums First Continental is ordered to refund or pay to Howard.
Mr. Howard does not contend that the waiver of warranty in the written lease was not clear and unambiguous or that it was not brought to his attention or adequately explained to him. Rather, Mr. Howard contends solely that the waiver of warranties by First Continental is against public policy and renders the lease invalid.
In Louisiana National Leasing Corporation v. ADF Services, Inc., 377 So.2d 92 (La.1979), the Louisiana Supreme Court considered a lease situation similar to that presented here. There, the plaintiff had purchased a photocopy machine from a third party and leased it to defendant. As in the instant case, the lease agreement provided for a waiver of the lessor's implied warranties of fitness. The lease also provided that no defect in the leased machine would relieve the lessee of his duty to make rental payments. Further, all repairs were to be made by the lessee, and the lessor assigned its warranty rights against its vendor to the lessee. Although noting that implied warranties arise by operation of law in every contract of lease, LSA-C.C. Arts. 2693-2695, the Louisiana Supreme Court held that, as a condition of the contract of lease, the lessee could validly dispense with the implied warranties.
A different conclusion was reached in Andrus v. Cajun Insulation Company, Inc., 524 So.2d 1239 (La.App. 3rd Cir.1988), the case relied on by the trial court in the instant case. The plurality in Andrus concluded it was not bound by the supreme court opinion in Louisiana National Leasing Corporation v. ADF Services, Inc., supra, and held that a waiver of warranty in a lease is against public policy and therefore invalid. Citing State v. Anderson, 507 So.2d 212 (La.1987), and noting that Louisiana National Leasing Corporation v. *645 ADF Services, Inc. was a four to three decision with one member of the majority an ad hoc justice, the Andrus plurality declined to follow the Louisiana Supreme Court decision. We note parenthetically that a majority of the Andrus panel determined that it was bound by the Louisiana National Leasing Corporation opinion. Judge King, concurring, agreed with the two dissenting judges that implied warranties could be waived, but found, factually, that the asserted waiver in Andrus was ineffective.
Contrary to the plurality suggestion in Andrus, we do not read State v. Anderson, supra, as an authorization for an appellate court to ignore a narrow supreme court decision where such a decision is accompanied by three "well reasoned" dissents. Rather, we interpret State v. Anderson, and the language therein relied upon by the plurality in Andrus, as a discussion precedent to the supreme court's disapproval of its own earlier opinion in State v. Hubbard, 228 La. 155, 81 So.2d 844 (1955), on a subject at issue in Anderson.
LSA-R.S. 9:3305 specifically provides that a consumer lessee may not waive any rights or benefits. As conceded by Mr. Howard, the instant lease was a commercial, not a consumer, lease. Compare LSA-R.S. 9:3306(6) and (9). The provision that a prohibition against a waiver of warranty applies only to consumer leases would appear to indicate a conscious legislative decision that a waiver of warranties is permissible in a commercial lease.
The Louisiana Lease of Movables Act points out that as a general rule the provisions of that act are subject to the Civil Code provisions on lease. LSA-R.S. 9:3309, 3310. The Civil Code provisions on lease were relied upon in Louisiana National Leasing Corporation v. ADF Services, Inc., supra. Thus, while we may prefer the result of the Andrus plurality urged upon us by Mr. Howard, we conclude that we are bound by the supreme court decision in Louisiana National Leasing Corporation v. ADF Services, Inc., supra. First Continental could and did dispense with the lessor's implied warranties of fitness. Mr. Howard remained liable for rental payments regardless of any defects in the ice cream machine. The trial court opinion holding otherwise was in error.
Accordingly, the judgment appealed from will be reversed. We will enforce the lease as written and also award service charges and attorney fees as called for therein.
Although Mr. King has not appealed the judgment against him in favor of First Continental, that portion of the judgment ordering the rescission of the sale of the ice cream machine is clearly inconsistent with, and must necessarily be affected by our instant holding, ordering accelerated rental payments and, correspondingly, ensuring Mr. Howard peaceable possession of the ice cream machine for the balance of the lease term. LSA-R.S. 9:3319. Accordingly, the general rule that a reversal is binding only on the parties to the suit, but does not control the interests of parties who did not join or were not made parties to the appeal is inapplicable as to the judgment against Mr. King because Mr. King's rights and liabilities and those of the parties on appeal are so interwoven and dependent as to be inseparable. See, Fontenot v. Sun Oil Company, 257 La. 642, 243 So.2d 783 (1971). Thus, our reversal of the trial court judgment rendered in favor of plaintiff in reconvention against the original plaintiff/defendant in reconvention, First Continental Leasing Corporation, and the granting of judgment in favor of the original plaintiff/defendant in reconvention on the original demand mandates a reversal of First Continental's judgment against Mr. King, notwithstanding his failure to appeal.
However, Mr. Howard has not appealed or answered the appeal. Therefore, and because Mr. Howard's rights against Mr. King are not inseparable from the judgment rendered, we are unable to grant Mr. Howard relief on his demands against Mr. King. LSA-C.C.P. Art. 2133.
Accordingly, the trial court judgment is reversed, and
*646 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, First Continental Leasing Corporation, and against the defendant, Enoch A. Howard, in the amount of Two Thousand Four Hundred Sixty-one and 35/100 Dollars ($2,461.35), together with a five percent service charge (late charge) on the payments due November 1989 through May 1990 in the amount of Forty-three and 89/100 Dollars ($43.89) (seven payments times $6.27), Five Hundred Dollars ($500.00) in attorney fees, judicial interest upon the foregoing sums according to law, and all costs of court. Possession of the subject property is to be governed by LSA-R.S. 9:3319.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the reconventional demand of Enoch A. Howard against First Continental Leasing Corporation is rejected at his cost.
REVERSED AND RENDERED.
NOTES
[1] We note that the lease clearly states otherwise. The lease states that the lessee shall have no option to purchase or otherwise acquire title to the ice cream machine. Nevertheless, there is no difference in the result if this were a true lease or a lease with an option to purchase (financed lease). LSA-R.S. 9:3309, 3310.
[2] The claim against King was actually made by Mr. Howard. No claim was ever made against King by First Continental. For this and further reasons set out infra, we will also reverse this aspect of the judgment.