MARVIN, Judge.
This court granted a writ to review the trial court’s refusal to set aside its order resulting from a stipulation by Gary Hall under LRS 14:75.2 that admitted paternity of an illegitimate child, that agreed to the payment of child support, and that subjected Gary Hall to the contempt and criminal penalty provisions of LRS 14:75 in the event of his failure to pay the agreed support.
The record, even when viewed most favorably toward the State, reveals these circumstances: Hall went to the District Attorney’s office on November 3, 1983, in response to a letter requesting his presence “to discuss a confidential matter under investigation ...” There he met with a Support Enforcement Officer (SEO) for the State, Ms. Tucker, who said that she did not read the stipulation to Gary Hall, but “discussed it with him.” Ms. Tucker did not know whether Hall read it when it was placed before him. Ms. Tucker said she was not able to carry on a “reasonable conversation” with Gary Hall “because his mother kept interrupting,” but that Gary *401 Hall acknowledged to her that he was the father of the child and agreed to pay support in graduated amounts starting at $30 per month.
Gary Hall, age 26, testified that he completed the 9th grade after repeating that grade but that he was a slow learner, a slow reader, who did not read other than to look at pictures. He said that he did not and could not read the stipulation and signed it only because he understood that if he did not sign it he might go to jail. Sometimes after the stipulation was signed and the order was entered on November 7, 1983, copies were mailed by the District Attorney’s office to Gary Hall and were read to him by his father. He then hired counsel. Gary Hall testified, “... when I signed that paper, I didn’t know I signed all my rights away. I didn’t know what the paper was.”
Ms. Calahan, an employee of the DA office who was present when Gary Hall was interviewed by Ms. Tucker, also testified. She said that Ms. Tucker explained to Gary Hall why he was called to the office and that Gary Hall wanted to know how much he would have to pay to “get the child off welfare.” She said Ms. Tucker did not read the stipulation to Gary Hall, but “went over the contents” with him. Ms. Calahan said “I do not know if he read [the stipulation] or not,” and that “basically,” Ms. Tucker told Gary Hall that “it was a stipulation saying that he would pay child support for the minor child.” Neither Ms. Calahan nor Ms. Tucker knew the meaning of the term “compulsory process” that was contained in the stipulation. Ms. Calahan said she did not remember whether Ms. Tucker explained to Gary Hall his rights to counsel or his other constitutional rights. She also said that Ms. Tucker said there “might be a paternity hearing” if Gary Hall did not sign the stipulation.
Shortly after copies of the stipulation and order were mailed to Gary Hall, he contacted counsel who then filed the petition to vacate or nullify on December 12, 1983.
The trial court did not find that the stipulation was explained to Gary Hall but saw “no reason why the State’s representative would have to explain, in detail, the ... proposed stipulation ... He [was] on an equal footing ... and could walk away from the situation and not sign the stipulation if that would be his wish.”
We must respectfully disagree with the result pronounced below in the light of the stated circumstances.
Our disagreement with the result below arises from the manner in which the State has implemented and applied the statutes in question in these circumstances. The statutes with which we are concerned are contained in Subpart A of Part IV of Chapter 1 of the Criminal Code, entitled Criminal Neglect of Family, Arts. 74 through 75.2. Under Art. 74, a parent may be charged with the crime of criminal neglect of family as that crime is there defined. Under Art. 75 and with the defendant’s consent, the court has the authority to enter an order of support “instead of imposing the punishment hereinbefore provided [in Art. 74] ...” Art. 75.2 says that an order of support under Art. 75 may “issue ... without the necessity of instituting criminal proceedings under the provisions of [Art.] 74” when the responsible parent owing a duty of support and the district attorney so stipulate.[1]
To implement Art. 75.2, the State has employed a printed form for the stipulation which expressly smacks of much formality and which we edit, emphasize in part, and reproduce here:
*402 [[Image here]]
*403 [[Image here]]
Contrary to what the State represented in the printed stipulation, this record clearly shows that Gary Hall was not “fully advised of [his] criminal rights” that are detailed in the instrument and that the “explanation” that was given to him about the stipulation at best was merely perfunctory. We shall not render an advisory opinion on what form or content of stipulation will satisfy the statute and the constitution.
The State has strongly implied in its printed stipulation that a full advisement of certain criminal rights and an explanation of the stipulation are • material and necessary to obtain a citizen’s agreement or signature to the stipulation which is against his own interest. Under these circumstances we need not decide whether or not the law requires them. We simply hold that the State may not represent to a court that things have been done to procure a stipulation under Art. 75.2 when those things have not been done. Fundamental fairness and constitutional due process require that a court nullify, on a citizen’s timely application, a stipulation entered into under such circumstances.
The judgment of the trial court is reversed and judgment is hereby rendered setting aside the stipulation signed by Gary Hall on November 3, 1983, and all orders of the trial court based on that stipulation. This judgment is rendered without prejudice to the State to further proceed, according to law, to enforce whatever support obligation it may prove against appellant.
REVERSED AND RENDERED.

. "§ 72.2. Stipulation to order of support
"In cases in which the responsible parent or other person owing a duty of support and the district attorney stipulate to an order of support, the court shall have the power to issue an order of support under the provisions of R.S. 14:75 without the necessity of instituting criminal proceedings under the provisions of R.S. 14:74.”