492 So.2d 1272 (1986)
STATE of Louisiana
v.
Garland Joseph SMITH.
No. C 5925.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 1986.
*1273 Harry F. Connick, Dist. Atty., Carter Guice, Jr., Pamela L. Hershey, Asst. Dist. Attys., New Orleans, for the State.
Linda G. Johnson, O.I.D.P., New Orleans, for defendant.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
The defendant was charged by bill of information with criminal neglect of family, R.S. 14:74, for the non-support of two minor children. The defendant was married to the children's mother when the children were born, and has not divorced the mother.
A consent judgment was entered on November 20, 1985, wherein the defendant agreed to pay $20.00 plus $1.00 court costs per week, effective December 2, 1985.
The defendant did not pay the child support, accumulating $441.00 in arrears. On May 19, 1986, the State filed a Rule to Show Cause why the defendant should not be held in contempt of court. The rule came before the court on June 18, 1986. On that day, defense counsel moved for a new trial based on the fact that the defendant was not the biological father of the child. The court granted the motion on the basis of C.Cr.P. art. 851(5), and suspended ongoing payments. The State seeks this court's supervisory jurisdiction to review this ruling. We grant supervisory writs, vacate the ruling of the trial court which granted a new trial and ordered a suspension of child support payments and remand the case to the trial court for further proceedings consistent herewith.
The State argues that a motion for a new trial pursuant to the Louisiana Code of Criminal Procedure was not the proper procedural vehicle by which to attack a civil consent judgment.
In order to ascertain the proper procedural method which applies we must first determine the nature of the proceeding involved (i.e., civil or criminal).
Juvenile law is a hybrid of criminal and civil law; non-support of a minor child is an act with both criminal and civil repercussions. The Third Circuit in State v. Broussard, 487 So.2d 1261 (La.App. 3rd Cir.1986), recently reviewed the non-support laws and the interrelationship between criminal and civil provisions. In that case the court reviewed La. Revised Statute Title 14 Section 75, which provides, in pertinent part:
A. With the consent of the defendant at any time prior to a trial on a charge of criminal neglect of family, the court, in lieu of imposing the punishment herein before provided, may issue a support order, after considering the circumstances and financial ability of the defendant, directing the defendant to pay a certain sum at such periods as the court directs.
That Court concluded that this provision allows a court, prior to trial, to issue a support order in imposing punishment under Section 74 of that statute, if the defendant so consents. Thereafter, if the defendant violates the order, the court may find the defendant in contempt and subject him to imprisonment. Thus, Louisiana Revised Statute Title 14 Section 75.2 provides an alternative mode of arriving at a support order. Pursuant to that article, a court may issue an order of support when *1274 the parent and the district attorney stipulate to the order, and no criminal proceedings need be instituted. Both articles permit the parent to avoid criminal prosecution pursuant to R.S. 14:74 and its accordant implications. Under R.S. 14:75, the Broussard court reasoned, a parent who consents to a support order is "little different from a party against whom a judgment for alimony or child support is rendered in a civil adversary proceeding in civil court." Broussard, supra at 1263. "When viewed in its essence, a consenting defendant under R.S. 14:75 is no worse off than a defendant in a civil suit against whom an alimony or support judgment is rendered. All the court can do is hold a rule to show cause in which imprisonment is a possible result." Broussard, supra at 1264. Louisiana Revised Statute Title 14 Section 75 is not designed to determine guilt or impose punishment; imprisonment as a result of contempt proceedings can occur only if the obligor disobeys a support order. In Broussard, the defendant argued that proceedings pursuant to R.S. 14:75 are inextricably bound up with R.S. 14:74, the criminal article. The court rejected the argument holding that by the consent judgment, the defendant had not been adjudged guilty of any crime and that his stipulation did not constitute a plea of guilty to the crime of criminal neglect of family.
In this case, the district attorney brought a prosecution pursuant to R.S. 14:74. The defendant consented to a judgment pursuant to R.S. 14:75. This judgment has civil, and not criminal implications. As such, civil and not criminal law is applicable in determining the correctness of the granting of a motion for new trial.
The motion for a new trial applies in those circumstances when there has been a trial during which a judgment is rendered which is contrary to the law and evidence, or during which although due diligence was exercised, important evidence was not presented, or during which the jury acted improperly, or for other good grounds shown. C.C.P. Arts. 1972, 1973. Such a motion must be filed within seven days of the trial and is contraditory in nature. C.C.P. Arts. 1971, 1974. In this case the judgment rendered was the result of the consent of the parties and was not the result of a trial on the merits. Accordingly, a motion for a new trial was not the proper vehicle to set aside the consent judgment. Moreover, this motion was also filed too late to be considered.
Since this consent judgment to pay child support is civil in nature, in order to attack the judgment in this proceeding the defendant would have to file a rule to show cause why the judgment should not be set aside or amended. At that time the rule would be subject to any appropriate defense urged in opposition thereto.
In this case the trial court erred in granting the defendant a new trial and suspending his obligation to pay child support.
For the reasons assigned the ruling of the trial court granting a new trial and suspending child support payments is vacated and set aside. Child support payments as agreed by the parties is reinstated. The case is remanded to the trial court for further proceedings consistent herewith.
ORDER VACATED-CASE REMANDED.