KLIEBERT, Judge.
On June 6,1984 defendant St. Pierre was charged by bill of information with criminal neglect of family in violation of LSA-R.S. 14:74.[1] Defendant was present for arraignment on June 28, 1984; at that time he entered into a stipulation pursuant to LSA-R.S. 14:75 whereby he agreed to pay child support and court costs in the amounts of $200.00 and $10.00 per month respectively. Defendant initially fulfilled the monthly obligations but later stopped making payments.
In response to a request from the defendant’s wife, the district attorney on April 8, 1986 filed a rule for contempt against the defendant on the grounds that he “... was tried in this Honorable Court of violating R.S. 14:74 and sentenced ... to pay alimony at the rate of $200.00 & C.C. per month” and had “... failed to comply with the judgment of this Court and to pay said alimony.” The defendant employed counsel and filed a “Motion to Quash conviction[2] and for a new trial,” [footnote added] averring therein that:
1) the “conviction” was based upon the state’s unconstitutional employment of the irrebuttal presumption of paternity set forth in La.C.C. art. 184;
2) the “conviction” was secured without defendant being offered the right to introduce evidence that he was not the biological father of the children;
3) the defendant was denied access to representation by counsel and did not validly waive his right to counsel;
4) the defendant was not properly Boyk-inized prior to entering into the stipulation;
5) the law under which defendant’s prosecution was based was unconstitutional;
6) the defendant was not the biological father of either child.
Defendant’s motions and the rule for contempt were jointly taken up before a hearing officer,[3] who recommended that *839 the defendant’s motions be denied and that the monthly support obligation and $50.00 per month in arrearages be paid via an involuntary wage assignment. Defendant rejected the recommendation which resulted in the case being set for hearing before a juvenile court judge.
Prior to the hearing the defendant filed a “Motion for Court Ordered Blood Tests Pursuant to R.S. 9:391, et seq.” averring that such evidence was exculpatory in that it would prove he was not the biological father of the children. Although there is no transcript of the hearing, the court minutes (signed by the deputy clerk and the trail judge) dated May 30, 1986 seem to indicate the defendant stipulated he was in arrears for support set by the June 28, 1984 judgment. The court then ordered him to pay $200.00 per month in support and $50.00 per month on the $2,400.00 ar-rearage. Further, the court effectuated an involuntary wage assignment and delayed sentencing on the contempt charge pending the submission of memorandums on defendant’s motion to quash and motion for blood tests.
Immediately thereafter defendant filed a “Motion to Withdraw his Guilty Plea and/or to Suppress Unconstitutionally Secured Confessions” averring that his “plea of guilty to the charge of criminal non-support” was not made intelligently, knowingly and voluntarily, that his “confession” was elicited without regard to his constitutional rights to counsel and to remain silent, and that he would not have pled guilty or confessed to the crime had he been advised of the elements of the crime charged in that he is not the biological parent of either child.
By judgment dated September 2, 1986 the court denied all motions and further ordered the defendant to serve three weekends in the custody of the Department of Corrections as per the stipulation as to contempt. In written reasons for judgment the court stated that because the defendant stipulated to the order of support no criminal proceedings were instituted and the proceedings became civil in nature; therefore, defendant's motion to withdraw his “guilty plea” and/or to suppress his “confession” and to quash his “conviction” were inappropriate as they applied to criminal proceedings. And as the motion for a new trial was untimely under La.C.C.P. art. 1979, a new trial could not be granted; hence, the motion for court-ordered blood tests was moot. In the alternative, the court noted that even were the motions to be considered as though brought in a criminal proceeding, they were untimely filed and thus properly denied.[4]
The trial court granted defendant’s request for a stay order pending a final decision of the case by this court and/or the supreme court. Defendant’s application for a writ of review was granted by this court,[5] and upon the lodging of the record by the clerk for the Twenty-Fourth Judicial District Court, counsel were notified of brief dates and the case was docketed by established appellate procedures. In his application for the writ granted and in his brief filed in this court defendant raised the following issues:
“1. Does this [Juvenile] Court have jurisdiction to enforce non-criminal actions for child support and/or alimony?
2. Must LSA-R.S. 14:74 and 14:75.2 be read pari materia as criminal statutes?
3. Was the defendant’s admission of guilt secured by employment of procedures which duly protected the defendant’s constitutional rights?
4. Does the State of Louisiana v. Cornell Jones, [481 So.2d 598 (La.1986)] decision govern the disposition of this case?
5. Must the State of Louisiana v. Cornell Jones decision be applied retroactively?
*840 6. Is the defendant entitled to a quashal of his agreement to pay support/conviction?
7. Is the defendant entitled to a new trial on the issue of his biological relationship to each child?
8. A. Should the defendant’s guilty plea be revoked?
B. Should the defendant’s confession be suppressed?
9. Did the Court commit reversible error?”
Criminal neglect of family, as defined by LSA-R.S. 14:74 as applicable to the instant case, is the intentional non-support by either parent of his minor child who is in destitute or necessitous circumstances.[6] Violators are subject to a $500.00 fine and/or six months imprisonment and may be placed on probation pursuant to R.S. 15:305. The court may also issue an order directing the defendant to pay a certain sum weekly or monthly as support for the child. LSA-R.S. 14:75[7] allows the court at any time prior to conviction for criminal neglect, with the defendant’s consent, to issue an order directing the defendant to pay weekly or monthly support, instead of imposing the punishment set forth in R.S. 14:74. Violation of the order is a contempt of court and punishable by a fine of not less than twenty-five dollars, in default of which imprisonment for not more than thirty days may be imposed; or the court may fine the defendant the total amount of past due support and order same to be paid to the child’s custodian. Failure to pay could result in imprisonment for up to six months. R.S. 14:75.2 provides that the court may issue an order of support under the provisions of R.S. 14:75 “without the necessity of instituting criminal proceedings under the provisions of R.S. 14:74.”
The issue of whether a stipulation entered under LSA-R.S. 14:75 or 14:75.2 is of civil or criminal consequence has only recently become the subject of judicial inquiry. In State v. Hall, 450 So.2d 400 (2nd Cir.1984) the court expressly declined to decide whether the law required a full advisement of certain criminal rights and an explanation of the effect of the stipulation prior to securing a stipulation under R.S. 14:75.2. The court simply held that the state may not represent via a printed form that the defendant had been “fully advised of all my criminal rights” prior to entering a stipulation when in fact those things had not been done. However, in State v. Broussard, 487 So.2d 1261 (3rd Cir.1986) the court addressed the issue head-on.
The defendant in Broussard, supra, filed a motion to quash a contempt rule brought after he failed to comply with a stipulation and order of support entered under R.S. 14:75.2. Broussard contended that the stipulation was a guilty plea which was invalid because he was not Boykinized, or at least informed of his right to be represented by counsel, prior to making the stipulation. The trial court granted the motion to quash, reasoning that since Broussard had been charged with criminal non-support under LSA-R.S. 14:74, the offer by the district attorney to permit him to avoid prosecution by agreeing to pay support under R.S. 14:75.2 was in fact a plea bargain. The Third Circuit .reversed, finding that the stipulation, rather than being a plea bargain, effectively removed the matter out of a prosecutorial context and placed the desired social end [support of children] in a court-approved agreement enforceable through contempt proceedings. The court concluded that a party entering into such a stipulation is not involved in a judicial process which requires the following of strict due process proceedings.[8]
*841 The supreme court granted a writ of review in State v. Broussard and issued the following per curiam at 490 So.2d 273, 273-274 (La.1986):
“The judgment of the court of appeal is reversed and vacated. The judgment of the district court granting the motion to quash is reinstated and the case against defendant is dismissed. R.S. 14:74 is a criminal statute. After defendant is charged with criminal neglect of family, the provisions of R.S. 14:75, 75.1 and 75.2 come into play. Some of these are necessarily criminal in nature. The defendant is entitled to counsel and if he cannot afford one, counsel must be appointed to represent him. The trial judge shall explain the defendant’s rights to him (cf. the customary ‘Boykin ’ examination) before any proceeding under 14:75 is initiated.”
In light of the supreme court’s edict in Broussard, the question of whether a stipulation under R.S. 14:75 has criminal implications must be answered in the affirmative. The instant defendant was charged under R.S. 14:74 with criminal neglect of family. The record does not reveal, nor do the parties contend, that the defendant was explained his Boykin rights before he entered a stipulation to an order of support under R.S. 14:75. Accordingly, the defendant’s contempt conviction must be reversed and the case against the defendant must be dismissed. Broussard, supra. Having so concluded, we find it unnecessary to address the issues raised by defendant as regards the jurisdiction of the juvenile court over civil matters and the retroactive application of the supreme court’s decision in State v. Jones, 481 So.2d 598 (La.1986).
REVERSED AND DISMISSED.

. The information was filed in response to an affidavit wherein Deborah St. Pierre averred that the defendant refused to provide support for his two-year old and five-year old children who were in destitute and necessitous circumstances. The record does not reflect whether the St. Pierres were separated or divorced at the time the affidavit was filed.

. As discussed infra, an issue crucial to the outcome of this case is whether the stipulation entered by defendant on June 28, 1984 was a guilty plea and, hence, criminal in nature, or merely civil in nature.

.LSA-R.S. 13:1596(F) provides for the appointment of hearing officers by the judges of the juvenile court to act as a finder of fact and to make recommendations to the court on support related matters.

. According to the trial judge the defendant’s motion to withdraw his plea and/or to suppress his confession should have been filed within fifteen days after arraignment. However, the transcript does not reflect that the defendant was arraigned.

. See writ application No. 86-K-621

. In Collette v. Olivier, 309 So.2d 894 (3rd Cir.1975) writ denied 313 So.2d 827 (La.1975) the court noted that child support awarded incidental to a divorce is based upon a civil obligation to support children, whereas, the criminal complaint for non-support is based upon a "quasi-criminal” statute and, accordingly, there is no concurrent jurisdiction as between a criminal court non-support action and a civil court support proceeding.

. As in effect at the time defendant entered into the stipulation.

. In State v. Smith, 492 So.2d 1272 (4th Cir.1986) the court adopted the reasoning of Brous-sard and concluded that a stipulation under R.S. 14:75 had civil rather than criminal conse *841 quences. As Broussard was overruled, it would likewise appear Smith is at least implicitly overruled,