579 So.2d 1086 (1991)
STATE of Louisiana
v.
Andrew THOMAS.
No. 90-CA-1399.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1991.
Rehearing Denied June 18, 1991.
*1087 Harry F. Connick, Dist. Atty., Elizabeth P. Duffy, Jan E. Sutton, Joan C. Wetzel, Asst. Dist. Attys., New Orleans, for plaintiff/appellant.
Mark McTernan, McTernan & Parr, New Orleans, for defendant/appellee.
Before GARRISON, BARRY and BECKER, JJ.
GARRISON, Judge.
On April 15, 1976, the State of Louisiana filed a charge of criminal neglect of family, LSA-R.S. 14:74, against Andrew Thomas, the defendant in this case. He entered a plea of not guilty to the offense charged on May 27, 1976. The court reset the matter for trial on June 10, 1976, at which time the district attorney introduced an acknowledgment of paternity into the record. The defendant was ordered to pay support in the amount of $15.00 weekly.
The transcript from this hearing was either destroyed or lost and these facts were deduced from the minutes contained in the record and the juvenile court judge's testimony. From these sources it appears that the defendant entered into a consent agreement based upon an authentic act. It is uncontested that the defendant never made a single payment.
The state filed a rule to show cause why the defendant should not be held in contempt. Hearing was held in late September of 1989. The matter was reset for an evidentiary hearing on February 2, 1990, continued to February 16. The trial judge held that the bill of information was defective because it did not state the statute number and that because there was no transcript, there is no proof that the defendant had not been read his rights. The rule of contempt was dismissed. The trial judge also dismissed the case and arrears owed by the defendant as his child had reached majority.
It appears that the defendant entered into a consent judgment. No motion to set aside the "guilty plea" or quash the indictment was filed. If the trial judge merely set aside the guilty plea or, if the court was only dealing with a contempt hearing, the State's procedural remedy was to take a writ to this court. If, however, the trial court quashed the information the State is correctly before this court on appellate jurisdiction.
The offense charged in this case, criminal neglect of family, involves the "intentional non-support" of a child by his or her parent when the child is in "destitute or necessitous circumstances." LSA-R.S. 14:74(A)(1)(b). This statute authorizes the penalty of a fine of not more than $500.00 and/or imprisonment for no more than six months. The legislature provides two alternatives to an individual faced with a 14:74 charge.
The first is R.S. 14:75 which allows that the trial court, "with the consent of the defendant at any time prior to a trial" for criminal neglect, in lieu of 14:74 punishment may issue a support order requiring the defendant to support his child according to his means.
R.S. 14:75.2 is similar but involves an agreement between the district attorney and the defendant which may be ratified by the court in the form of a support agreement pursuant to its 14:75 powers. R.S. 14:75.2 states as follows:
In cases in which the responsible parent or other person owing a duty of support and the district attorney stipulate to an order of support, the court shall have the power to issue an order of support under the provisions of R.S. 14:75 without the necessity of instituting criminal proceedings under the provisions of R.S. 14:74 [emphasis added].
Juvenile law is hybrid of civil and criminal law. State v. Smith, 492 So.2d 1272 (La.App. 4th Cir.1986). The juvenile court operates differently from the criminal court's procedure as its primary aim is to effectuate whatever action which would be in the "best interest" of the child or children involved. In furtherance of this objective, the court is given greater leeway to accomplish its goals. In the case at hand, it appears that the legislature intended to create a quasi-civil alternative to the *1088 criminal action of non-support of family. R.S. 14:75 and 14:75.2 offer almost identical relief as that provided in a civil support case to achieve the goal of all juvenile statutesaction in the best interest of the child.
As R.S. 14:75 and 14:75.2 appear to be civil in nature and there is no possibility of imprisonment as a sentence for these statutes, it would seem that the defendant's rights to counsel and Boykinization would not attach under the operation of these two articles.
However, the Louisiana Supreme Court case of State v. Broussard, 490 So.2d 273 (La.1986) held that the trial judge must explain the defendant's rights to him as some provisions of 14:75, 14:75.1, and 14:75.2 are "necessarily criminal in nature." This apparently refers to the possible contempt charge an individual who violates the terms of a 14:75 or 14:75.2 court order may face.
In State v. St. Pierre, 515 So.2d 769 (La.1987), the court reaffirmed and expanded its holding in Broussard, supra, stating that the consent to stipulated support payments:
... operates as implicit admission that criminal charge of neglect of family has merit, or at least that defendant will not contest that charge, and because of resulting risk of imprisonment, defendant making such stipulation is essentially entering a plea of guilty to a criminal charge, and as such defendant is entitled to be advised of Boykin protections.[1]
It has been almost fifteen years since this hearing took place. No appeal was taken. The only thing that is completely clear is that the defendant did sign an acknowledgment of paternity. At the evidentiary hearing, the original juvenile court judge testified that he always asked the defendant if he wanted counsel and appointed counsel if the defendant appeared unable to represent himself. The child having now reached majority, no further action can be brought on his behalf.
In the case at hand the real problem lies in the lack of a trial transcript.[2] Because under St. Pierre, supra, while the defendant was not entitled to full "Boykinization," he was entitled to be informed of his right to counsel. Given this fact scenario, this court must affirm the lower court's actions dismissing the contempt charges and the past due amounts based on the fact that there is no transcript.
AFFIRMED.
NOTES
[1] However, the contempt punishment provided for under these statutes for failure to comply with the court ordered support is no different than contempt charges which may be brought in any civil case. Furthermore, a defendant charged with contempt for failure to adhere to a civil judgment or a 14:75 et seq. consent judgment would have the right to be advised of his Boykin protection. Contrary to the reasoning in St. Pierre, supra, the entering of a support agreement does not constitute a plea of guilty to the totally separate charge of criminal neglect of family. The charge of criminal neglect requires several elements to be proven, the order of support no more proves criminal neglect than a civil order for child support does. Furthermore, if a defendant fails to comply with an order of support, both contempt and criminal charges may be instituted. However, this court is bound to follow the holdings of the Louisiana Supreme Court.
[2] The trial court's contention that the bill of information was fatally deficient is without merit and thus the focus centers on whether the defendant was given his rights in full measure.