GARRISON, Judge.
On December 27, 1984 the defendant, Felters Veal, was charged with criminal neglect of family pursuant to LSA-R.S. 14:74. He pled not guilty to the charges and entered a consent judgment agreeing to pay $15.00 monthly for the support of his child. The defendant repeatedly failed to pay this obligation. As a result, the State filed a rule to show cause why the defendants should not be held in contempt.
The trial court found that because the defendant was read his rights after he had spoken to the district attorney about a consent agreement, an invalid waiver of the right against self incrimination, right to remain silent and the right to counsel had occurred. The trial court held that there was a violation of due process and, in effect, dismissed the case. The State moved for and was granted an out of time appeal.
The offense charged in this case, criminal neglect of family, encompasses the “intentional non-support” by a parent of his or her minor child if the child is in “destitute or necessitous circumstances.” LSA-R.S. 14:74(A)(l)(b). This statute authorizes the penalty of a fine of not more than $500 and/or imprisonment for no more than six months. The revised statutes also offer an alternative to the above criminal action, LSA-R.S. 14:75 provides:
With the consent of the defendant at any time prior to a trial on a charge of criminal neglect of family, the court, in lieu of imposing the punishment herein before provided, may issue a support order, after considering the circumstances and financial ability of the defendant, directing the defendant to pay a certain sum at such periods as the court directs and maintain health insurance, [emphasis added].
Its companion statute is R.S. 14:75.2 which states that:
In cases in which the responsible parent or other person owing a duty of support and the district attorney stipulate to an order of support, the court shall have the power to issue an order of support under the provisions of R.S. 14:75 without the necessity of instituting criminal proceedings under the provisions ofR.S. 14:74. [emphasis added].
In other words, under R.S. 14:75.2 the district attorney and the defendant may reach an agreement as to payment of support as an alternative to the criminal proceedings of R.S. 14:74. Then under 14:75.2 or 14:75, the court may issue a support order. A violation of the terms of the court order, i.e. non-payment, can result in the defendant being found to be in contempt of court and sentenced to not more than six months in prison. Thus, under 14:75 the parent who enters into a consent judgment for support is in a very similar position as a parent in a civil case who has had a judgment against him or her for alimony or support. State v. Broussard, 490 So.2d 273 (La.1986); State v. Smith, 492 So.2d 1272 (La.App. 4th Cir.1986).
Given the fact that no possibility of imprisonment arises from the support agreement itself, State v. Creamer, 528 So.2d 667 (La.App. 2d Cir.1988), that the support agreement is an alternative to a criminal proceeding, and that it is within the rarefied, hybrid jurisdiction of the juvenile court, it would appear that R.S. 14:75, et seq., is quasi-civil in nature.
However, State v. Broussard, supra, states that some of the provisions in R.S. 14:75, et seq., are “necessarily criminal in nature.” The apparent logic seems to be that the violation of a support order serves as a basis to punish the parent for contempt, and contempt proceedings are prose-cutorial in nature, therefore R.S. 14:75, et seq., contains an elements of a criminal offense. State v. St. Pierre, 515 So.2d 769 (La.1987).
Specifically, State v. Broussard, supra., held that the trial judge must “Boykinize” *488 the defendant before any 14:75 proceeding is initiated, namely, before the court issues a support order. This holding was elaborated on in State v. St. Pierre, supra. In St. Pierre, the defendant was found to be in contempt of court for failing to make monthly payments according to a stipulation made and a court order issued. The defendant took writs. The Court of Appeal reversed and the State applied for review. The Louisiana Supreme Court held that the extension of Boykin rights in criminal neglect of family cases was not retroactive, and that the defendant has a right to counsel at the time he consents to the court order of support under R.S. 14:75.
These cases do not require appointing an attorney or “Boykinization” in a R.S. 14:75.2 situation, where the defendant and the district attorney meet before any hearing to discuss a stipulation of support. Thus, the trial court in this case incorrectly found that the pre-stipulation hearing contact between the defendant and the district attorney violated the defendant’s rights. Just as the court stated in Broussard, supra, that some portions of 14:75, et seq., are necessarily criminal nature, some portions of these statutes embody the characteristics of a civil child support case, such as the prehearing contact between the defendant and the district attorney.
The defendant in this case was also not entitled to Boykinization under St. Pierre, supra, as this case arose in 1984, three years before St. Pierre, supra. These rights are not retroactively applied.[1]
The defendant was, however, entitled to counsel under St. Pierre, supra. The record reflects that the defendant was advised of his right to an attorney and waived this right.
Accordingly, the trial court’s action quashing the information is reversed, and the case is remanded for contempt proceedings.
REVERSED AND REMANDED

. The defendant was read his Boykin rights at the hearing even though it was not required.