609 So.2d 918 (1992)
STATE of Louisiana in the Interest of Benny Lloyd LEWIS.
No. 92-CA-0421.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1992.
Harry F. Connick, Dist. Atty., Elizabeth P. Duffy, Robert J. Hildum, Asst. Dist. Atty., New Orleans, for appellee.
Before SCHOTT, CIACCIO and WALTZER, JJ.
CIACCIO, Judge.
The State of Louisiana appeals a decision of the Juvenile Court which credits arrearages owed by Benny Lloyd Lewis pursuant to a court ordered child support decree.
The issue presented for our review is whether a defendant charged with neglect of family who is ordered by consent judgment *919 to pay an in globo amount for the support of his minor children is entitled to a reduction in the support award on a prorata basis once each of the children attains the age of majority.

Facts
On December 10, 1986, the State of Louisiana filed a bill of information charging the defendant, Benny Lewis, with criminal neglect of family in violation of LSA-R.S. 14:74. The State alleged that defendant had failed to support his three children: Wanda Lewis, Alexander Lewis and Monique Lewis. On February 20, 1987, defendant, pursuant to the provisions of LSA-R.S. 14:75, consented to contribute the sum of $30.00 per week for the children's support. The trial court signed an order to this effect on February 23, 1987.
On March 15, 1990, Lewis was ruled into court on a rule to show cause for failure to comply with the 1987 support order. The Juvenile Court found defendant to be $1,164.53 in arrears. The support obligation was then modified, ordering defendant to contribute the sum of $45.00 per week through a wage assignment, and $10.00 per week towards the arrearage. Because the mother of the children was receiving support benefits through the AFDC program, the Louisiana Department of Social Services was designated as the applicable payee of the support payments.
On May 23, 1991, the State filed a rule to show cause why defendant should not be held in contempt of court for failing to abide by the March 15, 1990 support order. This matter was heard on February 6, 1992. At this time, the State calculated the outstanding arrearage to be $3,658.75.
However, at this hearing, the Juvenile Court found that Lewis' children had all reached the age of majority, and therefore, refused to hold Lewis in contempt of court. The Court further found that as the three children had reached the age of majority at the time of the contempt hearing, Lewis was not guilty of the charges brought against him. The Court then determined that Lewis was entitled to a credit retroactive to the date each child reached eighteen years of age. The court applied this credit to the arrears and determined that defendant was owed a credit of $993.52 from the State of Louisiana.[1]
It is from this judgment that the State of Louisiana now appeals. For the reasons stated below, we reverse the judgment of the trial court.
On appeal, the State contends that the trial court exceeded its authority in retroactively reducing defendant's child support obligation. The State argues that the trial court erred in applying criminal rather than civil law to these proceedings.
In its reasons for judgment, the trial court stated as follows:
At the points in time when each of the three Lewis children attained majority, the defendant could no longer be liable for criminal neglect of each specified child. Accordingly, in globo reduction of child support retroactive to the time when each child reached the age of majority is warranted. To pursue any other course of action would be to subject the defendant to liability for a crime which he did not commit.
In order to determine the correctness of the trial court's action, we must first examine the nature of the proceedings involved.
Juvenile law is a hybrid of civil and criminal law; non-support of a minor child is an act with both criminal and civil repercussions. State v. Smith, 492 So.2d 1272 (La.App. 4th Cir.1986).
This court has previously upheld retroactive reduction of an in globo child support award initially made by the court where it was subsequently determined that defendants were not the biological fathers of the children involved and were therefore not criminally liable under the neglect statute. State v. Sylvester, 581 So.2d 361 (La.App. 4th Cir.1991); State v. Prosper, 580 So.2d 1085 (La.App. 4th Cir.), writ denied, 590 *920 So.2d 84 (La.1991). Further, in State v. Williams, 588 So.2d 754 (La.App. 4th Cir. 1991), this Court held that sufficient circumstances existed for a retroactive reduction of child support where the children named in the support decree had reached the age of majority and defendant could no longer be criminally liable under LSA-R.S. 14:74.
The trial court relied on each of these cases in rendering its judgment in this case. However, in each of the cited cases, the defendant was prosecuted and found guilty pursuant to LSA-R.S. 14:74, and these cases are therefore distinguishable from the present situation where the defendant was not prosecuted or found guilty of the charges against him, but consented to the support order prior to trial.
In the present case, the support order against defendant was entered pursuant to LSA-R.S. 14:75. Section A of that statute provides:

With the consent of the defendant at any time prior to a trial on a charge of criminal neglect of family, the court, in lieu of imposing the punishment herein before provided, may issue a support order, after considering the circumstances and financial ability of the defendant, directing the defendant to pay a certain sum at such periods as the court directs and maintain health care insurance ... The amount of support as set by the court may be increased or decreased as the circumstances may require... (Emphasis ours.)
In State v. Smith, supra, this Court distinguished between the effects of a child support order entered pursuant to LSA-R.S. 14:74 and one entered pursuant to LSA-R.S. 14:75. The court in Smith found that LSA-R.S. 14:75 provides an alternate method of arriving at a support order by allowing the parent to avoid criminal prosecution pursuant to LSA-R.S. 14:74. By consenting to the support order, the parent is neither entering a guilty plea nor adjudged guilty of the crime of criminal neglect of family. While the court may find defendant in contempt and subject him to imprisonment if the order is violated, the parent in this situation is "little different from a party against whom a judgment for alimony or child support is rendered in a civil adversary proceeding in civil court." Smith, supra at 1274. The court in Smith concluded therefore that a judgment of support entered pursuant to LSA-R.S. 14:75 has civil rather than criminal implications.
We find this reasoning controlling in the present situation. In this case, the district attorney brought a prosecution pursuant to LSA-R.S. 14:74. Prior to trial, the defendant consented to a judgment pursuant to the provisions of LSA-R.S. 14:75 which has the effect of a civil contract between the parties. As such, civil and not criminal law is applicable to these proceedings. State v. Smith, supra. See also, State v. Nelson, 587 So.2d 176 (La.App. 4th Cir. 1991).
The provisions of the civil law with regard to an order of support such as this are clear. LSA-R.S. 9:309(B) provides as follows:
When an order or judgment awards child support in globo for two or more children, said support award shall terminate automatically and without any action by the obligor to reduce, modify or terminate the award when the youngest child for whose benefit the award was made attains the age of majority. (Emphasis ours).
This court has previously held that an automatic reduction under this statute does not occur when the oldest reaches majority. Rather, the amount of child support remains the same even after the oldest child reaches majority until such time as the obligor moves the court for and is granted a judgment reducing the in globo amount. Collier v. Collier, 516 So.2d 1157 (La.App. 4th Cir.1987).
In the present case, although the eldest of the Lewis children reached majority on March 27, 1988, the youngest child did not attain that status until three years later on March 20, 1991. The in globo support order entered on March 15, 1990, therefore, did not automatically terminate until March 20, 1991.
Further, there is no evidence in the record that defendant was entitled to a reduction *921 in support payments prior to this time. Rather, the record shows that defendant earned approximately $15,759 during the first three quarters of 1988 while he was employed by Schwegmann Bros. Giant Supermarkets. He earned similar amounts in future years while employed by Kiefer Trucking, Inc. and Dupuy Storage and Forwarding Co. The initial child support award of $30.00 and eventually $45.00 per week for three children falls well below the child support guidelines set forth in LSA-R.S. 9:315.1 based on defendant's income.
We conclude, therefore, that the trial court erred in retroactively reducing defendant's accumulated arrearages on a pro rata basis to the time when each of his children reached the age of majority. Rather, based on the express provisions of LSA-R.S. 9:309(B), the support award automatically terminated on March 20, 1991, the date the youngest of the Lewis children reached the age of majority. However, the evidence in the record fails to establish the outstanding arrearages owed by defendant up to this point.
Accordingly, the judgment of the trial court which credits arrearages owed by Benny Lloyd Lewis is hereby reversed and vacated. The matter is remanded for a determination of arrearages owed consistent with this opinion.
All costs of this appeal are to be borne by defendant.
REVERSED AND REMANDED.
NOTES
[1] The calculation of a credit balance by the trial court does not require the State to refund to the defendant any amounts previously paid as child support. State v. Sylvester, 581 So.2d 361 (La. App. 4th Cir.1991).