KLEES, Judge.
The State of Louisiana appeals the juvenile court’s decision to credit the arrearag-es and suspend payments owed by defendant, Rickie Lott, pursuant to a court-ordered child support decree. The issue presented is whether a juvenile court has the authority to make a pro-rata reduction of a LSA-R.S. 14:75 child support award retroactive to the date each child involved reaches the age of majority.
This action commenced on October 5, 1979, when the State filed a bill of information charging Rickie Lott with criminal neglect of family under LSA-R.S. 14:74 for the nonsupport of his two minor sons, Rickie Lott, Jr. and Troy Lott. On October 26, 1979, Rickie Lott entered a plea of “not guilty,” and, in lieu of prosecution, entered into a consent judgment pursuant to LSA-R.S. 14:75 for semi-monthly support payments of $140. These payments were subsequently decreased to $35 per week by a court order on June 4, 1982.
On September 2, 1982, Lott was ruled into court on a show cause order for failure to abide by the child support decree. The juvenile court found that Rickie Lott was $1,758.19 in arrears, and modified the support provisions ordering Rickie Lott to pay $35 per week towards current support, and $35 per week towards the accumulated ar-rearage.
When Rickie Lott failed to abide by this order, the State filed a rule for contempt. At this time, Lott’s accumulated arrears included $3,103.17 in support and $159.52 in costs. Because Lott failed to show for the original court date of April 10, 1987, the court issued a capias for $1,000. When Lott appeared on the rule on July 31, 1987, the court ordered him to continue the payments under an income assignment order, and to provide health insurance for his two minor children.
Rickie Lott then filed a motion to decrease payments in May of 1992 on the ground that his oldest son, Rickie Jr., had reached the age of majority on November 25, 1989. At this hearing, the juvenile court found that as Rickie Lott, Jr. had reached the age of majority, Lott was not no longer guilty for criminal neglect of family. The court then ordered a pro-rata reduction of the arrears accumulated retroactive to the date Rickie Lott, Jr. reached the age of majority. Rickie Lott was given a credit against his support obligation, and ongoing payments were suspended until this credit is extinguished.
On appeal, the State objects to the credits afforded to the defendant and the suspension of ongoing payments. After reviewing the facts and applicable law, we reverse the juvenile court’s judgment for the following reasons.
In the instant case, the support order was entered pursuant to LSA-R.S. 14:75. In pertinent part, section A of that statute provides:
“With the consent of the defendant at any time prior to a trial on a charge of criminal neglect of family, the court, in lieu of imposing the punishment herein-before provided, may issue a support order, after considering the circumstances and financial ability of the defendant, directing the defendant to pay a certain sum at such periods as the court directs and maintain health care insurance ... The amount of support as set by the court may be increased or decreased by the court as the circumstances may require ...” (Emphasis added)
In the instant case, the juvenile court relied upon this statute in crediting the arrearages owed by the defendant. In the *454 reasons for judgment, the court stated that,
“At the points in time when the Lott child attained majority, the defendant could no longer be held liable for criminal neglect of that child. Accordingly, an in globo reduction in child support retroactive to the time when that child reached the age of majority was warranted. To pursue any other course of action would be to subject the defendant to liability for a crime which he did not commit.”
In reviewing the juvenile court’s application of this provision, we must first determine the nature of the related proceedings, (i.e. whether they are civil or criminal). This task is complicated by the fact that juvenile law is a hybrid of criminal and civil law, and the act of non-support of minor children has both criminal and civil repercussions. State v. Smith, 492 So.2d 1272 (La.App. 4th Cir.1986).
Several Fourth Circuit decisions have upheld trial courts’ retroactive reductions of in globo child support awards when the circumstances change so that the defendants are no longer liable for criminal neglect of family under LSA-R.S. 14:74. In two recent cases, we upheld such reductions where the trial court determined, after initial findings of neglect, that the defendants were no longer criminally liable because they were not the biological fathers of the children involved. See, State v. Sylvester, 581 So.2d 361 (La.App. 4th Cir.1991); State v. Prosper, 580 So.2d 1085 (La.App. 4th Cir.1991), writ denied, 590 So.2d 84 (La.1991). Also, in State v. Williams, 588 So.2d 754 (La.App. 4th Cir.1991), this Court reviewed a juvenile court’s retroactive reduction of a LSA-R.S. 14:74 award upon finding that the defendant was no longer criminally liable for nonsupport because the children involved had reached the age of majority.
However, we pointed out in State v. Lewis, 609 So.2d 918 (La.App. 4th Cir.1992), that the above-mentioned cases deal with defendants who were prosecuted and found guilty for criminal neglect of family under LSA-R.S. 14:74. Therefore, we distinguished these cases from situations where the defendant has neither been prosecuted nor found guilty of the charges brought against him, but rather consented to the support order prior to trial.
In State v. Smith, supra, we found that a support judgment entered pursuant to R.S. 14:75 has civil rather than criminal implications. The Smith Court distinguished between child support orders entered into pursuant to R.S. 14:74 and those entered into pursuant to R.S. 14:75. LSA-R.S. 14:75 was found to provide an alternative method of arriving at a support order wherein the parent could avoid criminal prosecution under R.S. 14:74. Under R.S. 14:75, a court may issue a support order prior to trial with the defendant’s consent, in lieu of imposing punishment under 14:74. While a R.S. 14:75 support order does not determine guilt or impose punishment, the payor may be subject to imprisonment for contempt of court, upon failure to abide by the support order. We determined in Smith that a parent subject to a R.S. 14:75 order is “little different from a party against whom a judgment for alimony or child support is rendered in a civil adversary proceeding in civil court.” Smith, supra at 1274, citing, State v. Broussard, 487 So.2d 1261, 1263 (La.App. 3rd Cir.1986).
After finding that the rationale of Smith was controlling, the Lewis Court held that civil rather than criminal law is applicable to R.S. 14:75 proceedings. In essence, the Lewis Court held that a R.S. 14:75 consent judgment, entered in lieu of criminal prosecution, has the effect of a civil contract between the parties. Accordingly, we find that civil and not criminal law is applicable to the proceedings in the instant case. See, State v. Smith, supra; State v. Lewis, supra; and State v. Nelson, 587 So.2d 176 (La.App. 4th Cir.1991).
The civil statute which applies to support orders is contained in LSA-R.S. 9:309(B). In pertinent part, LSA-R.S. 9:309(B) provides:
“When an order or judgment awards child support in globo for two or more children, said child support award shall terminate automatically and without any action by the obligor to reduce, modify, *455 or terminate the award when the youngest child for whose benefit the award was made attains the age of majority.”
We held in Collier v. Collier, 516 So.2d 1157 (La.App. 4th Cir.1987), that an automatic reduction does not occur when the oldest child reaches majority. The defendant must take action to reduce the order when an older child reaches the age of majority, and that fact alone is not enough to reduce the payments.
In the instant case, although the eldest of Rickie Lott’s two sons reached the age of majority on November 25, 1989, Troy Lott had not yet attained that status. Therefore, under R.S. 9:309(B) the in globo support order did not automatically terminate. Upon the defendant’s motion for reduction, the juvenile court is required to follow the applicable civil statutes as guidelines in determining whether a reduction is warranted. Rather than a retroactive pro rata reduction based solely upon the fact that one of the children involved had reached the age of majority, the court should have allowed the State to present evidence as to Troy Lott’s requirements and the defendant’s ability to pay the support award. The court should have also considered the objective guidelines in LSA-R.S. 9:315.14 which provides a schedule for determining the amount of child support which should be paid in a given situation.
In conclusion, we find that the juvenile trial court erred in retroactively reducing defendant’s accumulated arrearages on a pro-rata basis to the time when Rickie Lott, Jr. reached the age of majority and in suspending ongoing payments for the support of Troy Lott. Because this Court has determined that a 14:75 consent judgment is civil in nature, the civil law rather than the criminal law must apply to these proceedings. Based on R.S. 9:309(B), Rickie Lott’s support obligation did' not terminate automatically upon one of the children involved reaching the age of majority. However, the evidence in the record is insufficient to establish whether a reduction of Rickie Lott’s accumulated arrearages and/or a suspension of ongoing payments is warranted under the applicable civil statutes. In light of this fact, the judgment of the juvenile court is reversed and vacated. This matter is remanded for a determination of arrearages owed consistent with this opinion.
REVERSED AND REMANDED.
LOBRANO, J., concurs.